IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM LUKOV,<br><br>         Plaintiff(s),<br><br>   v.<br><br>SCHINDLER ELEVATOR CORPORATION,<br><br>         Defendant(s). | CASE NO. 5:11-cv-00201 EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY**<br><br>[Docket Item No(s). 64] |

In this employment action, Plaintiff William Lukov ("Plaintiff") alleges that Defendant Schindler Elevator Corporation ("Defendant") wrongfully terminated him from his position as a Field Technician after he reported to Defendant, the client, and CalOSHA the unsafe placement of elevator shunt strips at the client's retail location. Plaintiff has retained two experts to assist him: Dr. Mark Rhodes ("Rhodes"), an electrical engineer, and Nora Ostrofe ("Ostrofe"), an economist, and the time to disclose additional experts has passed.

Presently before the court is Defendant's Motion to Exclude Expert Testimony. See Docket Item No. 64. Within that motion, Defendant requests the court (1) preclude Rhodes from offering certain testimony styled in the form of a legal conclusion and (2) exclude the testimony of Ostrofe altogether. The court has carefully reviewed the moving, opposing and reply papers filed by the parties and finds this matter suitable for decision without oral argument pursuant to Civil Local Rule

1

Case No. 5:11-cv-00201 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY

7-1(b). The hearing scheduled for June 29, 2012, will therefore be vacated. For the reasons described below, Defendant's motion will be granted in part and denied in part.

## I. LEGAL STANDARD

Defendant primarily relies on Federal Rule of Evidence 702 and the standards contained in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), as bases to exclude the opinions of Rhodes and Ostrofe. Looking first to Rule 702, it provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Read together, Daubert and Rule 702 broadly require that an expert not only be qualified, but also that the expert's testimony be reliable and relevant. Daubert, 509 U.S. at 589-91. When faced with a challenge to an expert, "[t]he trial judge must perform a gatekeeping function to ensure that the expert's proffered testimony" meets the Daubert standard. United States v. Redlightning, 624 F.3d 1090, 1111 (9th Cir. 2010). This role is a flexible one, however, such that "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

It is advisable that the court resolve expert challenges early since the admissibility of a particular expert's testimony is a designated "preliminary question" pursuant to Federal Rule of Evidence 104(a). See Daubert, 509 U.S. at 592-93. And as with most issues, the party offering the expert evidence bears the burden of proving its admissibility by a preponderance of proof. Id. at 593

n.10.

## III. DISCUSSION

### A. Dr. Mark Rhodes

Defendant seeks an order precluding Rhodes from providing testimony or other evidence in the formal of legal conclusions. Specifically, Defendant challenges the portion of Rhodes' report which provides the following opinion: "The States are divided as to the required location for the [shunt strips]. California is in the group of States that require the [shunt strips] to be located outside the elevator machine room."[1] See Decl. of James S. Brown ("Brown Decl."), Docket Item No. 65, at Ex. B. Defendant argues this opinion improperly invades the province of the court "'to inform the jury about the law that is relevant to their deliberations.'" United States v. Brodie, 858 F.2d 492, 497 (9th Cir. 1988) (quoting United States v. Curtis, 782 F.2d 593, 599 (6th Cir. 1986)), overruled on other grounds by United States v. Morales, 108 F.3d 1031 (9th Cir. 1997).

Although "[i]t is well-established . . . that expert testimony concerning an ultimate issue is not per se improper," it is equally well-established that "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002). Such testimony is inadmissible because it "does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994).

Here, whether California law requires the placement of shunt strips outside an elevator machine room is an important legal question for this case. Moreover, the parties' submission reveal that resolution of this particular legal issue is far from settled, and it is unquestionable that Rhodes is not qualified to opine on that subject.[2] Rhodes' statement as to the state of the law in this state and across the country, therefore, does not aid either the court or the jury. Since Rhodes' has couched his statement in the form of a legal conclusion - ostensibly based on what appears to be his own

---

[1] Rhodes actually uses the acronym "STCB" in his report, which both parties seem to agree refers to the elevator shunt strips.

[2] "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." United States v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir. 1993)

3
Case No. 5:11-cv-00201 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY

United States District Court
For the Northern District of California

survey of state laws - it is improper and must be excluded.[3]

### B. Nora Ostrofe

Defendant also seeks to exclude or limit the testimony of Ostrofe. Defendant argues that Ostrofe assumed the role of a vocational rehabilitation expert in reaching her opinion as to the measure of Plaintiff's damages.

The court begins by examining Ostrofe's qualifications. According to her resume and declaration as part of Plaintiff's opposition to this motion, Ostrofe is an expert economist with a Master's Degree in Business Administration. See Brown Decl., at Ex. A; see also Decl. of Nora C. Ostrofe ("Ostrofe Decl."), Docket Item No. 71, at ¶ 1. She has also received a Certificate in Accounting for Financial and Business Analysts and is an Accredited Valuation Analyst, a Certified Earnings Analyst and a member of various accountancy professional organizations. See Brown Decl., at Ex. A. She has provided expert testimony in approximately fifty other litigations over twelve years. See id.; see also Ostrofe Decl., at ¶¶ 11, 12. From this, it appears that Ostrofe is well-qualified to serve an expert economist, and Defendant concedes as much. See Mot., at 9:3.

As part of the report prepared for this case, Ostrofe examined two scenarios to calculate Plaintiff's damages. See Brown Decl., at Ex. B. Under the first scenario, Ostrofe assumed that Plaintiff would obtain mitigation employment as a physical therapy assistant ("PTA"). See id. Ostrofe explains that Plaintiff informed her that he would seek employment in that field if he was unsuccessful in efforts to become re-employed as an elevator mechanic. See Ostrofe Decl., at ¶ 5. Ostrofe relates she was not required to determine whether Plaintiff was employable as a PTA because "that was his previous career and the area in which he had the most alternative work experience." See id.

---

[3] The court disagrees with Plaintiff's characterization of Rhodes' opinion as a mere regurgitation of facts learned from the deposition of Debra Tudor for two reasons. First, Rhodes' opinion does not accurately reflect Tudor's testimony. Indeed, Rhodes states in no uncertain terms that California law requires shunt strips be located outside the elevator machine room, while Tudor was not so certain. Second, the fact that Tudor may have testified as to *her* understanding of the law does not transform that legal conclusion into a fact for use by another expert. If that were the practice, the court's obligation to resolve and instruct on issues of law could easily be undermined just by having one witness rely on the legal conclusion of another.

4

Case No. 5:11-cv-00201 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY

1  But it is this circumstance - that Ostrofe made no assessment of Plaintiff's ability to return to
2  work as a PTA - which renders this portion of her report insufficient and unreliable.  Ostrofe readily
3  admits in her declaration that Plaintiff last worked as a PTA 14 years ago, that he allowed his license
4  to lapse, and that he would need to undergo retraining and re-licensing "as the field had moved
5  forward."  See id., at ¶ 6.  Ostrofe's opinion, therefore, is missing the fundamental determination
6  critical to her assumption: that Plaintiff would, indeed, be able to qualify as a PTA.  Although
7  Ostrofe recognizes that the qualifications needed for a particular job can change over time, she made
8  no inquiry into "what steps are necessary in order to obtain employment given the specific
9  characteristics of the individual's background and the applicable labor market," or provide an
10 "assessment of [Plaintiff's] vocational capacity."  See Decl. of Carla Huff Kelley, Docket Item No.
11 66, at ¶¶ 3, 5.  That analysis is especially important here because of the number of years Plaintiff has
12 worked in a job completely distinct from that of a PTA.  An opinion on that subject would require
13 the qualifications of a vocational expert.  Since Ostrofe does not possess those qualifications and
14 since Plaintiff has not already retained an expert qualified to assess Plaintiff's vocational capacity,
15 the portion of her report and any testimony calculating damages based on mitigation employment as
16 a PTA is inadmissible.[4]  Nor can she offer evidence or testimony to rebut Defendant's vocational
17 expert, Carla Huff Kelley.[5]

18  The same cannot be said of second scenario, however.  For this portion of her report, Ostrofe
19 assumed that Plaintiff would obtain mitigation employment as an elevator mechanic, a job no
20 different than the one he was performing for Defendant.  See Brown Decl., at Ex. A.  In light of that
21 fact, it is undisputed that Plaintiff is qualified for that position and, rather tellingly, Defendant's own

---

[4] "[W]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, Daubert and Rule 702 mandate the exclusion of that unreliable opinion testimony."  Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002) (citing Heller v. Shaw Indus., Inc., 167 F.3d 146, 153 (3d Cir. 1999)).

[5] Ostrofe attempts to justify her ability to rebut Kelley's report by stating that, instead of criticizing Kelley's conclusions, she simply "indicated that Ms. Kelley either was not aware of or ignored certain relevant facts about [Plaintiff]."  See Ostrofe Decl., at ¶ 16.  But if that is the sole purpose of Ostrofe's rebuttal, it is unnecessary and unhelpful to the jury because that factual information is better presented by Plaintiff himself.  Expert testimony is not required.

expert economist, Erik Volk, provided an alternative calculation on that same assumption.  See Decl. of Alan Adelman, Docket Item No. 71, at Ex. 1.  Volk's opinion included a calculation of average working hours per year that is similar, if not identical, to that used by Ostrofe.  The collection and use of that factual information does not require expertise unique to a vocational expert and does not render Ostrofe's opinion under the second scenario unreliable.  Accordingly, this portion of Ostrofe's report and testimony will not be excluded.

### III. ORDER

Based on the foregoing, Defendant's Motion to Exclude Expert Testimony (Docket Item No. 64) is GRANTED IN PART AND DENIED IN PART as follows:

1. Plaintiff's expert witness, Dr. Mark Rhodes, is precluded from providing testimony or other evidence in the form of legal conclusions, including but not limited to an opinion that California law requires elevator shunt strips to be located outside of elevator machine rooms;

2. Plaintiff's expert witness, Nora Ostrofe, is precluded from providing testimony or other evidence which assumes that Plaintiff will obtain mitigation employment as a physical therapy aide or assistant.  Ostrofe is also precluded from offering rebuttal evidence against Defendant's vocational rehabilitation expert;

3. The court declines at this time to exclude Ostrofe from offering evidence and testimony of prejudgment interest, as both parties are in agreement that a separate threshold analysis is required before such evidence will be admitted.  In that regard, Defendant's objection to Ostrofe's calculation of prejudgment interest is DENIED WITHOUT PREJUDICE and may be renewed when and if appropriate.

The hearing scheduled for June 29, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated:  June 26, 2012

EDWARD J. DAVILA
United States District Judge