UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM LUKOV,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCHINDLER ELEVATOR CORPORATION,<br><br>　　　　Defendant. | Case No.　5:11-cv-00201-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER** |

On May 18, 2015, this court issued a pretrial order which, inter alia, provided a schedule for the parties to conduct limited supplemental discovery subsequent to a remand from the Ninth Circuit Court of Appeals. See Docket Item No. 106. The extent and subject matter of the limited supplemental discovery, as well as the corresponding deadlines, were adopted from a proposal made by the parties in a Joint Case Management Statement. See Docket Item No. 105. Ostensibly due to the court's ruling on a motion in limine, Defendant now seeks to "to produce a further supplemental expert report or reports from vocational rehabilitation specialist Carla Kelley and/or economist Erik Volk and depose Ms. Ostrofe about the valuation of any potential mitigation based on Plaintiff's decision to abandon work as an elevator repair mechanic and pursue work as an acupuncturist." See Joint Final Pretrial Conference Statement, Docket Item No. 120, at 15:23-27.

Because the deadlines for the completion of both regular and supplemental discovery have expired, Defendant's request is properly construed as a motion to amend the scheduling order. Under Federal Rule of Civil Procedure 16, a party seeking to amend a scheduling order must demonstrate sufficient "good cause." Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Diligence on the part of the moving party is

the focus of the inquiry.  See <u>Johnson v. Mammoth Recreations Inc.</u>, 975 F.2d 604, 609 (1992). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation."  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

Here, Defendant has not established good cause to amend the scheduling order to allow for further discovery.  Defendant did not plausibly explain why the further discovery sought could not have been obtained earlier - during either the initial or supplemental discovery phase - or why it waited until the eve of the Final Pretrial Conference to request permission to conduct further discovery.  To the extent Defendant believes it needed a ruling on its motion in limine before it could engage in the process, the court disagrees that the decision to postpone case investigation and preparation can be reconciled with a finding of diligence.

Accordingly, Defendant's request is DENIED.

**IT IS SO ORDERED.**

Dated:  December 10, 2015



EDWARD J. DAVILA
United States District Judge

2
Case No.: 5:11-cv-00201-EJD
ORDER DENYING DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER